UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| WILLIAM N. PORAYKO, | ) | Case No. 09 B 29262 |
| | ) | |
| Debtor. | ) | Judge Pamela S. Hollis |

## MEMORANDUM OPINION

This matter comes before the court on the motion of Travis Crowell for relief from the automatic stay. Crowell seeks relief from the stay in order to pursue his rights under state law to seek turnover of funds from a checking account at TCF Bank. Eugene Crane, in his capacity as Chapter 7 Trustee for the Estate of William Porayko, objects on the grounds that any lien Crowell might have on those funds is avoidable, and thus the estate's claim to the funds is superior to Crowell's. For the reasons stated below, the court grants the motion.

## BACKGROUND

On October 8, 2008, Crowell obtained a judgment against William Porayko in the amount of $72,887. He served Porayko with a citation to discover assets on October 15, 2008. Several state court orders were entered subsequently, such that there is no dispute regarding whether any lien created by service of the citation to discover assets has expired or been discharged. Crowell served TCF Bank with a third party citation to discover assets on or about June 11, 2009.[1]

Porayko filed for relief under Chapter 7 on August 10, 2009. As of that date, he held $10,767.45 in his TCF Plus eChecking account, with account number ending in

---

[1] The Trustee alleges that the citation was served on TCF on June 9, while Crowell alleges that it was served on June 11. For purposes of this Memorandum Opinion, the exact date is irrelevant. The parties do not dispute that the third party citation was served within 90 days of Porayko's bankruptcy filing.

1464. Crowell moved for relief from the automatic stay on August 28, 2009, seeking leave to pursue his state law rights for turnover of the funds in the TCF account. As of the date Crowell filed his motion for relief from the stay, $61,134.12 remained due and owing on his judgment.

## CONTENTIONS OF THE PARTIES

Crowell contends that service of the citation on Porayko in October 2008 created a lien on all of Porayko's personal property, including his bank accounts. Crowell argues that the funds at TCF are subject to this citation lien, and that his claim to those funds is superior to the Trustee's claim, because his lien came into existence more than 90 days before Porayko filed his Chapter 7 petition.

The Trustee objects to Crowell's motion, arguing that service of a citation upon a debtor is not sufficient to create a lien against property in the hands of a third party. According to the Trustee, the funds at TCF were not subject to a citation lien until Crowell served TCF with a third party citation to discover assets. Since service of the citation on TCF was accomplished within 90 days of the filing of Porayko's bankruptcy petition, the lien arising from that third party citation is subject to avoidance as a preference. Three days after filing his objection to Crowell's motion, the Trustee filed an adversary proceeding against Crowell, seeking to avoid as preferential Crowell's lien on the funds at TCF.

Crowell replies by arguing that the balance in a deposit account is a chose in action or a debt due from the bank to the account holder. Because the account is a chose in action and was in Porayko's control, the citation that Crowell served on Porayko created a lien on those funds.

- 2 -

Second, even if the funds are not a chose in action, at the time the citation was served, the funds were in Porayko's control. The plain language of the applicable Illinois statute indicates that service of the citation creates a lien on all property in debtor's possession or control. The Trustee rejects this argument, contending that a bank account is not property within a debtor's possession or control but merely a promise to pay.

Finally, the Trustee argues that if an asset is held by a third party, the citation must be served on the third party. He also asserts that citation proceedings are analogous to garnishment proceedings, and since a bank must be served with a garnishment summons to create a lien, it would be counter-intuitive to suggest that the same is not true in a citation proceeding.

## LEGAL DISCUSSION

When a debtor files for relief under the Bankruptcy Code, the automatic stay prohibits creditors from taking any action to recover a prepetition claim against the debtor. 11 U.S.C. § 362(a). The Code provides creditors the opportunity to seek relief from the stay:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
>     (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
>
>     (2)    with respect to a stay of an act against property under subsection (a) of this section, if –
>
>         (A)    the debtor does not have an equity in such property; and
>
>         (B)    such property is not necessary to an effective reorganization.

The Seventh Circuit cautions us that "[h]earings to determine whether the stay should be lifted are meant to be summary in character. The statute requires that the bankruptcy court's action be quick." The court is mindful of this restrictive language. Matter of Vitreous Steel Products Co., 911 F. 2nd 1223, 1232 (7th Cir. 1990).

Crowell initially contends that cause exists to modify the stay under § 362(d)(1) because Porayko cannot make adequate protection payments to compensate him for his loss of use of the funds at TCF. He abandoned this argument in his reply, and the court will not address it here.

Crowell also argues that he is entitled to modification of the stay pursuant to § 362(d)(2), because Porayko has no equity in the funds and, since he is a Chapter 7 debtor, does not need the funds for an effective reorganization. Although a portion of the funds may be exempt (a question that remains in dispute), clearly Porayko does not need these funds for an effective reorganization. The conditions in section 362(d)(2) are satisfied. In order to prevail on this motion, however, Crowell's claim to the funds must be superior to the Trustee's.

Crowell alleges that his claim is first in priority because of the citation to discover assets that he served on Porayko in October 2008. Although Illinois law regarding the creation of a citation lien was muddled for many years, see General Telephone Co. of Illinois v. Robinson, 545 F. Supp. 788, 797 (N.D. Ill. 1982), the legislature amended the relevant statute in 1993. It is now clear under Illinois law that service of a citation to discover assets creates a perfected lien on all of the debtor's non-exempt personal property as of the service date. See Cacok v. Covington, 111 F. 3rd 52, 54 (7th Cir. 1997) ("The lien is considered perfected as of the date of service of the citation.").

The relevant portion of the supplementary proceedings statute provides as follows:

> (m)    The judgment or balance due on the judgment becomes a lien when a citation is served in accordance with subsection (a) of this Section. The lien binds nonexempt personal property, including money, choses in action, and effects of the judgment debtor as follows:
>
> > (1)    When the citation is directed against the judgment debtor, upon all personal property belonging to the judgment debtor in the possession or control of the judgment debtor or which may thereafter be acquired or come due to the judgment debtor to the time of the disposition of the citation.
> >
> > (2)    When the citation is directed against a third party, upon all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation.
>
> The lien established under this Section does not affect the rights of citation respondents in property prior to the service of the citation upon them and does not affect the rights of bona fide purchasers or lenders without notice of the citation. The lien is effective for the period specified by Supreme Court Rule.

735 ILCS 5/2-1402(m)(1).

Crowell served Porayko with a citation to discover assets in October 2008, but did not serve TCF with a third party citation until several months later. The question facing the court is whether service on Porayko alone created a lien on the account at TCF, or whether Crowell did not have a lien on the account until he served the citation on TCF.

The court finds that service of the citation to discover assets on Porayko created a lien on Porayko's checking account at TCF. This must be so. If not, what could happen after a judgment creditor served a citation to discover assets upon his judgment debtor? Even a debtor acting without fraudulent intent might simply continue to pay bills from his checking account, depleting the non-exempt funds available to satisfy the judgment. He

would be justified in assuming that, if service of the citation did not create a lien on his bank accounts, the only funds on which the creditor had a citation lien would be cash in the debtor's possession.

Although the court could locate no published case involving an individual judgment debtor, Illinois courts have found that once a citation to discover assets is served on a corporate judgment debtor, the funds in that debtor's bank accounts are off limits:

> In this case, citations were served on respondent both in an individual capacity and as the responsible corporate officer for the judgment debtors. By having the citations served, the City obtained a judgment lien on defendants' property, **including the money in defendants' checking accounts**.

City of Chicago v. Air Auto Leasing Co., 297 Ill. App. 3rd 873, 877 (1st Dist. 1998) (emphasis added). See also Laborers' Pension Fund v. Dominic Jr., Inc., 2003 WL 21310282 (N.D. Ill. June 5, 2003) (once judgment debtor was served with citation that contained prohibitive language, the debtor could no longer issue checks from an account subject to the citation lien).

Serving the citation on Porayko created a lien on all of his personal property, including the funds at TCF. This holding "is consistent with the sound principle that statutes authorizing a judgment creditor to discover the assets of a debtor or of a third party in order to enforce a judgment are to be broadly construed." Society of Lloyd's v. Estate of McMurray, 274 F. 3rd 1133, 1135-36 (7th Cir. 2001) (finding that a district court may summarily compel the application of discovered assets to satisfy a judgment).

Yet the Trustee contends that he has a higher priority lien on Porayko's account at TCF, and that the citation lien on the account is avoidable because it did not arise until

service of the citation on TCF. In support of his contention, he cites several cases, including Appeal of Swartz, 18 F. 3rd 413 (7th Cir. 1994).

In Swartz, a panel of the Seventh Circuit was called upon to decide whether a creditor or the trustee in bankruptcy had a higher priority lien on the debtors' stock certificates. A bank had the first position lien, and also had possession of the certificates. The judgment creditor served a citation to discover assets on the debtors, but not on the bank.

> The question of when a lien is created in favor of the creditor is of particular significance in bankruptcy proceedings. The bankruptcy trustee occupies the position of a creditor whose lien was perfected when the bankruptcy commenced, and the trustee is empowered to avoid any competing claims which such a hypothetical creditor would be permitted to avoid pursuant to state law on lien priority. Thus, if Illinois law provides that a citation to discover assets creates a lien, [the creditor's] claim will have priority over the trustee's. If Illinois law maintains otherwise, the trustee will prevail.

Id. at 416. The Swartz panel determined that the most critical question to be answered was who had possession of the stock certificates when the citation was issued. "Where courts have held that service of a citation creates a lien, the lien attaches to the assets which are in possession of the citation respondent." Id.

Since the stock certificates were in the bank's possession, the judgment creditor in Swartz never obtained a lien. Because the debtors "were not in possession of the stock, serving them with a citation to discover assets, even if assumed to create a lien, was insufficient to establish a claim to the stock." Id. at 417. The panel did not discuss the issue of whether the stock certificates were within the debtors' control, only their possession.

The stock certificates, however, had been delivered to the bank by the debtors according to the terms of the security agreement between the debtors and the bank. The

debtors had even authorized the bank to substitute its name on the stock certificates. Although Swartz would be binding precedent if it were applicable, it is factually distinguishable from the case before the court today.

While both stock certificates and bank accounts are intangible personal property. 30A ILL. LAW AND PRAC. Property § 23 (2010), the stock certificates in Swartz were the subject of a security agreement with a third party. The debtors had delivered the certificates to that third party so that it could take possession, as it needed to do under the UCC in order to have a perfected lien. "The foregoing leads us to the inescapable conclusion that because the [debtors] were not in possession of the stock, serving them with a citation to discover assets, even if assumed to create a lien, was insufficient to establish a claim to the stock." 18 F. 3rd at 417.

None of these facts are present in this case. It does not follow from Swartz that a creditor must serve a bank with a citation to discover assets in order to have a first priority lien on an account at that bank.

The court also rejects the Trustee's contention that a bank account, being no more than a promise to pay, is not subject to a citation lien when the citation is served only on the account holder. In support of this argument, the Trustee cites Citizens Bank of Maryland v. Strumpf, 516 U.S. 16 (1995). The Supreme Court in Strumpf determined whether a bank properly placed an administrative freeze on a debtor's account. In making its determination, the Court stated that such account "consists of nothing more or less than a promise to pay, from the bank to the depositor, and [the bank's] temporary refusal to pay was neither a taking of possession of respondent's property nor an

exercising of control over it, but merely a refusal to perform its promise." Id. at 21 (citations omitted).

The Trustee assumes that a lien on this "promise to pay" would not be acquired until service of a citation to discover assets on the bank. This assumption runs contrary to the language of the Illinois statute. When a citation is served on a debtor, it creates a lien "upon all personal property belonging to the judgment debtor in the possession or control of the judgment debtor or which may thereafter be acquired or come due to the judgment debtor . . ." 735 ILCS 5/2-1402(m)(1). If the bank account is a promise to pay, then it is due to the debtor. Service of the citation on the debtor must therefore create a lien on the bank account.

Even if the account represents property not yet in the debtor's possession, the Illinois Appellate Court held that a judgment creditor need not serve a third party in order for a lien to arise on property not yet in the debtor's possession. TM Ryan Co. v. 5350 South Shore, LLC, 361 Ill. App. 3rd 352, 359 (1st Dist. 2005) (describing Swartz as In re Farm Credit Bank of St. Louis). One party in TM Ryan argued that a third party must be served with the citation in order for a lien to arise against property in that party's hands. The court rejected this argument:

> Contrary to South Shore's contention, nowhere does the court in Cacok say the citation must be served on the third party, or that service only on the judgment debtor is insufficient to perfect the lien as to funds in the possession and control of a third party.

361 Ill. App. 3rd at 359.

The Trustee argues that TM Ryan compels the conclusion that funds owed to a debtor are not subject to a citation served on the debtor until those funds are actually received:

> In TM Ryan, however, the insurance proceeds were due the judgment debtor at the time of the service of the citation on the judgment debtor. Accordingly, when the debtor received the funds, they were subject to the pre-existing lien. Similarly, in the case at bar, the Debtor may well have been owed sums of money by TCF pursuant to the Account at the time the citation was served upon the Debtor. However, until that money was received by the Debtor, it was not subject to that citation.

Trustee's Response to Reply, at 6. This is an inaccurate reading of TM Ryan. The opinion does not state that the insurance proceeds were not subject to the citation lien until the debtor received them. Instead, the court followed the language of the Illinois statute, which provides that a citation to discover assets binds property "which may thereafter be acquired or come due to the judgment debtor to the time of the disposition of the citation." 735 ILCS 5/2-1402(m). The key is that the property is due to the debtor, not the receipt of the property.

Certainly a creditor may serve both the debtor and, if he knows where the debtor has accounts, the appropriate bank. See In re Nowicki, 202 B.R. 729, 737 (Bankr. N.D. Ill. 1996) ("Section 1402 allows a creditor to perfect its lien in property of a judgment debtor against which the creditor may seek satisfaction of its judgment by serving a citation to discover assets on the debtor and, **if applicable**, on the third party holding such assets.") (emphasis added).

The Trustee ignores the limiting effect of "if applicable" in the sentence above, and cites Nowicki for the proposition that the applicable rules require citations to be served on a third party if the assets are "held" by that third party. See Illinois Supreme Court Rule 277(a).

But on this point, Nowicki is distinguishable. Nowicki reviewed how a creditor could obtain a citation lien against a beneficial interest in a land trust. The case Nowicki cites for the proposition that the citation must be served on both the trustee of the land

trust as well as on the judgment debtor based its reasoning on the fact that "the trustee is in control of the beneficial interest within the meaning of the supplementary proceedings statute, 735 ILCS 5/2-1402." In re Barone, 184 B.R. 747, 749 (N.D. Ill. 1995).

This court is faced with an entirely different factual context – a debtor's rights in a bank account, not in the beneficial interest in a land trust. It is not helpful to cite Nowicki for a general proposition when the facts are so different from our case.

Finally, the court rejects the Trustee's argument that if a bank must be served with a garnishment summons in order to create a lien, it would be counter-intuitive to suggest that the same is not true in a citation proceeding. In support of this proposition, the Trustee quotes In re Marriage of Eberhardt, 387 Ill. App. 3d 226, 331 (1st Dist. 2008). In Eberhardt, the court stated that a lien attached to the judgment debtor's accounts when the garnishment summons was served on the bank. This statement alone, however, is not enough to hold that a lien is not created until the summons is served on the bank, because the opinion is silent as to whether service only on the debtor would have been sufficient to create a lien.

There is no dispute that service of the third party citation on TCF created a lien on Porayko's account there, as service on First Midwest did in Eberhardt. But service of the summons on the judgment debtor would also have created a lien on the bank account. Service on the bank was effective to create a lien, but unnecessary.

So why did Crowell serve TCF with its own citation several months later? The reason why Crowell would have done so does not depend on the success of the Trustee's argument that funds due from TCF were not subject to the citation lien until Porayko received them. There would have been a separate purpose to serving the citation on TCF:

> Under Illinois law, judgment creditors are entitled to serve citations on third-parties for the purpose of discovering nonexempt assets of the judgment debtor in the possession of the third-party that may be used to satisfy the judgment. When nonexempt assets are discovered, 'the court may, by appropriate order or judgment" compel a third-party cite to 'deliver up any assets so discovered.' In the meantime, the citation may prohibit a third-party from transferring or otherwise disposing of the debtor's non-exempt assets up to twice the judgment amount until a court can determine who is entitled to the funds.

In re Weitzman, 381 B.R. 874, 881 (Bankr. N.D. Ill. 2008).

In other words, service of the citation on Porayko created a lien on his checking account. But if TCF had transferred the funds, Crowell would have had no recourse against TCF. In order to obtain rights against TCF, Crowell had to serve TCF with the citation. Once he did, the bank "was required by the creation of the judgment lien resulting from the service of the citation on [the bank] to freeze [the judgment debtor's] account..." One CW, LLC v. Cartridge World North America, LLC, 661 F. Supp. 2nd 931, 937 (N.D. Ill. 2009).

Service of the citation on TCF also avoids the concern that secret liens might be created. The Trustee argues that the "third party must be given notice of the supplemental proceeding to protect its interest as well as those of the Debtor and competing parties." Trustee's Response to Reply, at 7. There is no question that TCF should get notice of the citation to protect itself. But if it does not get notice, it will not have any liability if it transfers or disposes of the asset. If a judgment creditor chooses to take the risk that the bank will exercise control over an account because that bank has no idea the account holder was served with a citation, it may certainly do so. Service of the citation on the bank provides the judgment creditor with more protection, although it is certainly free to forego that protection if it wishes.

As in <u>TM Ryan</u>, this court need not decide whether Porayko's bank account is a chose in action. Under Illinois law, the citation directed to Porayko reached the funds in the TCF account.

## CONCLUSION

For the reasons stated above, the court finds that Travis Crowell's service of a citation to discover assets on William Porayko created a lien on the funds in Porayko's account at TCF. Since this lien is superior to the Trustee's, Crowell's motion for relief from the stay to pursue his state law rights in those funds is granted.

Date: __MAR 3 0 2010__    _____
                          PAMELA S. HOLLIS
                          U.S. Bankruptcy Judge